NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3472
_____

UNITED STATES OF AMERICA

v.

RAYMOND PAUL FRANCIS,

Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2-13-cr-00064-001)
District Judge: Honorable Terrence F. McVerry

_____

Submitted under Third Circuit LAR 34.1(a)
on April 30, 2015

Before: FISHER, HARDIMAN and ROTH, Circuit Judges

(Opinion filed January 19, 2016)

_____

OPINION[*]

_____

ROTH, Circuit Judge

--------

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Raymond Paul Frances[1] was convicted of unlawful reentry after deportation in violation of 8 U.S.C. § 1326. On appeal, he argues that (1) the District Court wrongly decided that he could not collaterally challenge his deportation and (2) the information and evidence are insufficient because the government did not allege or prove the existence of a deportation order. We reject these arguments and will affirm.

## I. Background

On March 4, 1993, Frances, a British citizen, entered the United States pursuant to the Visa Waiver Program (VWP), which permits aliens from designated countries to seek admission to the United States for up to 90 days as nonimmigrant visitors without obtaining a visa.[2] All applicants for the VWP must sign Form I-94W in which they waive "any rights to review . . . or to contest, other than on the basis of an application for asylum, any action in deportation."[3]

After Frances's authorized stay expired, he remained illegally in the United States. In 1996, Frances married Bao Chau Huu Lee, a naturalized American citizen, and subsequently filed an application for an adjustment of status as the spouse of a United States citizen. While his application was pending, Interpol informed the Maryland State Police that Frances was wanted in the United Kingdom for drug-related offenses. INS issued a warrant and deported Frances on August 28, 1997. Two months later, INS informed Frances that his application for adjustment of status was terminated because of his deportation.

---

[1] The correct spelling of appellant's name is "Frances," not "Francis" as in the caption.
[2] 8 U.S.C. § 1187(a).
[3] Form I-94W; *see* 8 U.S.C. § 1187(b)(2).

On February 21, 2013, Frances was discovered in Pennsylvania and charged with unlawful reentry. After a bench trial, the District Court found Frances guilty and sentenced him to time served and one year supervised release.

## II.  Discussion[4]

### A.  Frances May Not Collaterally Attack His Deportation.

To collaterally challenge the deportation underlying a defendant's removal as an attack on an illegal reentry conviction, the defendant must show that (1) he "exhausted any administrative remedies that may have been available to seek relief against the [deportation] order;" (2) "the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review;" and (3) "the entry of the order was fundamentally unfair."[5] The District Court correctly determined that Frances failed to meet these requirements.

Frances has not shown that he exhausted administrative remedies because he never challenged the removal—whether at the time of deportation or during the more than fifteen years between his deportation and when he was found in the United States. Next, Frances has failed to show that he was improperly deprived of judicial review of his removal proceeding. Frances argues that the District Court erred in finding that he waived his right to contest his removal proceeding. We review the finding for plain

---

[4] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's factual findings for clear error and exercise plenary review over its interpretation of the law. *United States v. Huet*, 665 F.3d 588, 594 (3d Cir. 2012); *United States v. Charleswell*, 456 F.3d 347, 351 (3d Cir. 2006).
[5] 8 U.S.C. § 1326(d).

error, as Frances raises this argument for the first time on appeal.[6] Because Frances does not dispute submitting a completed Form I-94W and has not presented any evidence challenging the validity of his waiver, the District Court did not err in concluding that Frances waived his right to review.[7] The waiver covered removal proceedings during the pendency of his application for status adjustment.[8] Finally, Frances has not demonstrated that his removal proceeding was fundamentally unfair, because he has not pointed to any error in the proceeding.[9] INS may deport a VWP entrant without providing judicial review of the removal proceeding, even if the alien had applied for status adjustment.[10]

**B. Information and Evidence Are Sufficient.**

Frances challenges the information and conviction on the ground that the government failed to allege and prove the existence of a deportation order. Under § 1326(a), the government must charge and prove that an alien:

> (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter

---

[6] *Gov't of Virgin Islands v. Rosa*, 399 F.3d 283, 293 (3d Cir. 2005).
[7] *See Bradley v. Attorney Gen. of United States*, 603 F.3d 235, 239 (3d Cir. 2010) (citing *McLeod v. INS*, 802 F.2d 89, 95 (3d Cir. 1986)).
[8] *Id.* at 242.
[9] *United States v. Torres*, 383 F.3d 92, 103-106 (3d Cir. 2004).
[10] *Bradley*, 603 F.3d at 242.

4

(2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act[11]

The information states that Frances (1) is an alien who was deported from the United States in 1997; (2) knowingly and unlawfully reentered the United States and was found in Pennsylvania in 2013; and (3) had not applied for or received permission to return. Moreover, the notice of intent to deport and the warrant of deportation, along with the actual deportation, are sufficient to prove that an order of deportation was issued.[12] The information sufficiently alleges that Frances violated 8 U.S.C. § 1326.[13]

At trial, the parties stipulated that Frances had been deported in 1997, and that when he was found in the United States in 2013, he was an alien and without permission to reenter. Thus, reviewing the evidence *de novo*, we find that it sufficiently supported Frances's conviction.[14]

---

[11] 8 U.S.C. § 1326(a).

[12] *See Vera v. Atty Gen.*, 672 F.3d 187, 192 (3d Cir.) *vacated on other grounds*, 693 F.3d 416 (3d Cir. 2012) (reasoning that the documents and the agency action had the effect of an order).

[13] An information is sufficient if it (1) contains the elements of the offense, (2) sufficiently apprises the defendant of the allegations he must be prepared to meet, and (3) allows the defendant to plead an acquittal or conviction to prevent future prosecutions for the same offense. *United States v. Huet,* 665 F.3d 588, 595 (3d Cir. 2012).

[14] We review a sufficiency of evidence claim *de novo*, and examine the totality of the evidence, both direct and circumstantial, and interpret the evidence in the light most favorable to the government as the verdict winner. *United States v. Pavulak*, 700 F.3d 651, 668 (3d Cir. 2012).

## III.  Conclusion

For the foregoing reasons, we will affirm the District Court's judgment.